Harold E. Koreman, S.
The testator herein died on May 22, 1958 leaving a will executed on January 5, 1955. The will was admitted to probate on June 20, 1958 and the named executrices duly qualified.
Paragraph ‘ ‘ Third ’ ’ of the will states that, in the first instance, Stanley Phoenix, a son of testator, be given a three-month option to purchase testator’s “homestead” at a price of $6,000. It appears that at the time of his death the testator owned a house which was situated in approximately a corner of some 52 acres of otherwise vacant land. After the executrices extended the option to Stanley and he advised he intended to exercise it, a dispute arose between them as to the meaning of the term “homestead” as used in testator’s will. Stanley contends that it means the house and all of the land owned by the testator at the time of his death and the executrices contend that it means the house alone, or, at most, the house and the land immediately appurtenant thereto.
A proceeding was then commenced by the executrices for a construction of paragraphs “Third”, “Fourth”, “Fifth” and “ Sixth ” of the will and a special guardian was appointed for Agnes Phoenix, a daughter of testator, who, the petition alleges, although not judicially declared to be incompetent, is in fact incompetent to represent herself.
The petitioners and the special guardian made a motion that extrinsic evidence be received in this construction proceeding, *1070 which motion was granted. Testimony was therefore received on behalf of both the petitioners and Stanley.
Thereafter, negotiations were had looking toward a compromise of the controversy. These negotiations were carried on over a period of several months (necessitated, in part, by the need for survey maps) both privately among the attorneys and parties and, since the rights of an alleged incompetent were involved, in the presence of the court. The negotiations have not resulted in a compromise and the matter must now be decided.
Inasmuch as that portion of paragraph “Third” which follows the first sentence may never become operative, the court, in line with the practice of not construing that which may become academic (Matter of Kittelburger, 4 A D 2d 218, affd. 4 N Y 2d 740) will construe only the first sentence of said paragraph.
Paragraphs “ Fifth ” and “ Sixth ” of the will are clear and unambiguous and for that reason will not be construed (Matter of Kittelburger, supra, p. 222).
The pertinent part of paragraph “ Third ” reads as follows: ‘ ‘ I hereby direct my executrices hereinafter named to extend to my son, Stanley Phoenix, an option to buy my homestead at the purchase price of Six Thousand ($6,000.00) Dollars, which said option, shall continue for a period of three months from the date that letters testamentary are issued unto said executrices ”.
From all of the facts and circumstances, the extrinsic evidence received, and from the will as a whole the court determines that the word “homestead” means the testator’s house together with two acres of land immediately contiguous thereto.
While there is nothing in the will to assist the court in determining the exact location of the boundary lines of the two acres of land, from the evidence received it is felt that the said two acres of land should be on the same side of the proposed street which enters the property from Boght Road, as the house is located. If the parties are unable to agree upon the boundary lines of the homestead as determined herein, it is directed that it shall be bounded on the south by the rear line of the property owned by Clairmont, on the east by the property of Leo Phoenix, on the west by the proposed or paper street which enters the tract from Boght Road and to extend northerly along said street the necessary distance to comprise the two acres, all as shown on petitioner’s Exhibit One in evidence.
Paragraph “Fourth” of the will provides for a trust for the benefit of testator’s daughter Agnes, the corpus of which is ‘1 all the rest, residue and remainder of any name, nature and *1071 kind ”. While it has not been argued directly that the “ homestead ’ ’ or the proceeds from the sale of it does not go into the corpus of the trust, the question has been raised indirectly by respondent who states in a memorandum ‘ ‘ that the intent of the testator as to the size of the trust cannot be ascertained from the terms of the Will.” However, the will as a whole discloses a clear intent on the part of the testator to provide for his daughter Agnes during her lifetime and that all of his property, except for the devise to his son Henry contained in paragraph “ Second ” should be devoted to that purpose. Also, the courts do not favor a construction which would result in intestacy and it would, indeed, be unrealistic to presume that testator did not intend to dispose of all of his property under the will. Since the testimony reflected that testator, between the date of the will and his death, executed a deed conveying to Henry the land described in paragraph ‘ ‘ Second ’ ’, it is determined that the corpus of the trust shall consist of all of the testator’s property.
The remainder of paragraph “ Fourth ” is unambiguous and does not require construction.
A decree may be submitted construing the first sentence of paragraph “ Third ” and so much of paragraph “ Fourth ” as respects the corpus of the trust in accordance herewith.